## COMMONWEALTH *vs.* WINSLOW EDDY.

Upon a trial for murder, after the introduction of evidence of the defendant's insanity, the Commonwealth may introduce in rebutter evidence of his sanity.

The burden of proof, resting upon the Commonwealth, in a capital case, is sustained, so far as the defendant's mental capacity is concerned, by the presumption of sanity, until rebutted and overcome by a preponderance of the whole evidence.

THE defendant was indicted for the murder of his wife, and tried before Justices Metcalf, Bigelow and Merrick, on the 29th of December 1856.

After the defendant had put in all his evidence, including testimony as to his insanity at the time of committing the act,

*J. H. Clifford,* (Attorney General,) by way of rebutter, offered evidence tending to prove his sanity.

*G. S. Hale & T. K. Lothrop,* for the defendant, objected to the admission of the evidence; and argued that the sanity of the defendant must necessarily be part of the *prima facie* case of the Commonwealth, and that the Commonwealth must either rely on the general presumption of sanity, or introduce further evidence before the opening of the defence; and cited *Rex* v. *Simpson,* 2 Car. & P. 415. But THE COURT held, that this was the proper stage at which to offer this evidence; because the presumption of law that every person is sane would stand as evidence of his sanity, until rebutted.

*Hale,* in his closing argument to the jury, argued that the burden of proof was upon the Commonwealth to show, beyond a reasonable doubt, that the prisoner was " of sound memory and discretion " at the time of the alleged homicide; and that this burden, when there was conflicting evidence, was not met by the presumption of sanity; and cited 3 Inst. 47 ; 4 Bl. Com. 195; Wills on Circ. Ev. 30–33; Burrill on Circ. Ev. 60; *Campbell* v. *People,* 16 Ill. 17 ; 1 Greenl. Ev. § 366 ; *The King* v. *Twyning,* 2 B. & Ald. 386 ; *Greenborough* v. *Underhill,* 12 Verm. 604 ; 1 Greenl. Ev. § 35 ; *Crowninshield* v. *Crowninshield,* 2 Gray, 524 ; *Commonwealth* v. *Bradford,* 9 Met. 268 ; *Stebbins* v *Leowolf,* 3 Cush. 137; *Regina* v. *Kirham,* 8 Car. & P. 117

*People* v. *Tripler*, 1 Wheeler C. C. 48; 1 Bennett & Heard's Lead. Crim. Cas. 87 & *seq.*, 347 & *seq.*

*Clifford*, A. G., contended, that the burden of proof was met and sustained by the presumption of sanity, and that the insanity of the prisoner must be established by the preponderance of the whole evidence in the case; and cited *Commonwealth* v. *Rogers*, 7 Met. 500; *Commonwealth* v. *McKie*, 1 Gray, 61; Rev. Sts. *c.* 137, § 12.

Upon this last point the jury were instructed as follows by

METCALF, J. The burden is on the Commonwealth to prove all that is necessary to constitute the crime of murder. And as that crime can be committed only by a reasonable being—a person of sane mind—the burden is on the Commonwealth to prove that the defendant was of sane mind when he committed the act of killing. But it is a presumption of law, that all men are of sane mind; and that presumption sustains the burden of proof, unless it is rebutted and overcome by satisfactory evidence to the contrary. In order to overcome this presumption of law, and shield the defendant from legal responsibility, the burden is on him to prove, to the satisfaction of the jury, by a preponderance of the whole evidence in the case, that, at the time of committing the homicide, he was not of sane mind. This is not only required by the general rule of law, but is distinctly implied in the provision of the Rev. Sts. *c.* 137, § 12, that " when any person indicted for an offence shall, on trial, be acquitted by the jury, by reason of insanity, the jury, in giving their verdict of not guilty, shall state that it was given for such cause."

This same legal doctrine may be stated in another form of words. The law infers, from the fact that a prisoner is a human being, of sufficient age to be deemed capable of committing crimes, the further fact that he is a reasonable being, that is, that he is of sane mind. And proof of the former fact is sufficient evidence of the latter, until the latter is disproved by the preponderance of evidence; and the burden of thus disproving it is on the prisoner.  *Verdict, guilty.*